UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRAINSTORM XX, LLC §<br>d/b/a WWW.ROBOCALLS.CASH, §<br>and LEE "DOC" COMPTON §<br>§<br>PLAINTIFFS, §<br>§<br>vs. §<br>§<br>JOHN DOE 1, a/k/a PETER §<br>BERGMAN, a/k/a JOSH KING, §<br>individually and/or d/b/a §<br>ROBOCALLSCASH.NET, and §<br>ROBOCALLSCASHKIT.COM; §<br>ROBOCALLSCASH.NET, an entity §<br>using an assumed name; §<br>ROBOCALLSCASHKIT.COM, an §<br>entity using an assumed name; and §<br>JOHN DOES 2-9; and Jane Does 1-9, §<br>§<br>DEFENDANTS. § | CIVIL ACTION NO. 4:20-cv-554 |

**PLAINTIFFS' STATUS UPDATE REPORT**

In response to the Court's December 3, 2020, Order requiring a Status Update (Dkt. #9), Plaintiffs hereby supply following status update on this matter.

Currently, Plaintiffs remain unable to determine the true identity of the Defendants in this matter. Since obtaining the August 18, 2020, Preliminary Injunction Order (Dkt. #8), Plaintiffs have suffered another attack from Defendants. Specifically, Defendants established yet another competing website designed to look like Plaintiffs' website and selling counterfeit versions of Plaintiffs' self-help kit against the trademark and business goodwill of Plaintiffs. Plaintiffs used this subsequent website and a live advertisement that directed web traffic to the website to obtain

the Google client code for Defendants' advertisement and then to obtain additional discovery from Google related to the identity of Defendants. Plaintiffs were also able to use this new website to obtain information from Defendants' most recent Internet service providers that supported the new website.

Unfortunately, all this discovery has now been returned, and Plaintiffs have been unable to identify the true identity of the Defendants because they continue to rely on shell entities outside of the United States to hide their true identity and/or locate their corporate structure in a location where obtaining service on Defendants is prohibitive.

At this time, there are no competitive websites being operated by Defendants and there have not been any such websites for several months. Plaintiffs note that the Court's Preliminary Injunction Order served as an effective tool in immediately stopping the most recent unlawful website that has started operation. However, the new discovery that the Plaintiffs have obtained since the preliminary injunction hearing continues to show that the Defendants are highly skilled at using the multi-layer labor and of international laws and shell companies to hide their identity and prevent service.

Plaintiff is also aware that there are difficult legal hurdles for obtaining a permanent injunction on a party that has not been formally served. Accordingly, Plaintiffs continue to seek the true identity of the Defendants. Lacking the ability to obtain a usable identity through the advertising and sales of Defendants, Plaintiffs will now seek to ascertain the identity of Defendants through the financial side of their operations. Having obtained the names of British shell entities and knowing that PayPal was the financial payment mechanism of Defendant's most recent website, Plaintiffs will seek discovery through PayPal to attempt to ascertain an identity capable of serving.

Accordingly, Plaintiffs respectfully request that the Court allow this case to maintain its current status as the Plaintiffs continue to seek the identity of Defendants.

RESPECTFULLY SUBMITTED,

*/s/ Eric N. Roberson*

---

Eric Roberson
Texas State Bar No. 00792803
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099
214.379.0843 Fax
ENR@KilgoreLaw.com
**ATTORNEY FOR PLAINTIFF
LEE "DOC" COMPTON**